UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20163-CR-WILLIAMS(s)

UNITED STATES OF AMERICA

vs.

EULISES ANIBAL FARIAS MIERES,

    Defendant.
_____/

## STIPULATED FACTUAL PROFFER

Should this case have proceeded to trial, the United States would be able to prove the following beyond a reasonable doubt:

On April 13, 2022, while on patrol in the Caribbean Sea, United States Coast Guard "USCG" Cutter THESIS' helicopter detected a go-fast vessel ("GFV") approximately 73 nautical miles southeast of the Dominican Republic, in international waters. Immediately upon being counter-detected, the individuals on board the GFV began jettisoning packages. The USCG deployed a data marker buoy and a due marker to mark the jettison field. Due to lack of fuel, the helicopter was unable to remain on site and returned to the THESIS to refuel. Once refueled, the helicopter reacquired the GFV. The USCG sought a Statement of No Objection and a Right of Visit boarding. This request was denied at that time due to the distance between the GFV and the Cutter, which was approximately 90 minutes, along with weather conditions. The helicopter departed the scene and again returned to the Cutter for refueling. A short time later, a Marine Patrol Aircraft reacquired visual on the GFV. The description of the GFV along with its course confirmed it was the same GFV. At that time, USCG sought and secured a State of No Objection

and Right of Visit boarding.

USCG signaled the GFV to stop, however, they refused. The GFV continued to flee at a high rate of speed while the individuals on board jettisoned packages. USCG fired warning shots which were ineffective. The USCG then fired disabling fire which was effective. An Over the Horizon "OTH" was dispatched. Upon arrival, USCG observed three individuals on board which were later identified as Eulises Anibal Farias Mieres, Jhon Salazar, both Venezuelan nationals, and Franklin Mercado Perez, a Colombian national. No one identified himself as the master nor person in charge. All refused to make a claim of nationality for the vessel. Based on the failure by all three to make a claim of nationality for the vessel, pursuant to international law, the vessel was treated as a vessel without nationality, therefore, subject to the jurisdiction of the United States. A full law enforcement boarding followed.

The USCG boarding team recovered a total of one bale consisting of 29 kilograms of suspected cocaine. Field tests were conducted on the contraband which yielded positive result for cocaine. Ion scans were performed on all three individuals which gave a positive result. All three individuals, along with the suspected cocaine, were transferred to the THESIS. USCG personnel observed the defendants jettisoning at least eleven (11) similarly sized bales. All parties agree that each of the defendant is being held accountable for a total of three-hundred-and-twenty-three (323) kilograms of cocaine.

[THIS AREA INTENTIONALLY LEFT BLANK.]

The parties further agree and acknowledge that there is enough of a factual basis for the Court to make a finding that the vessel in this case satisfies Title 46, United States Code, Section 70502(c), which defines a vessel without nationality subject to the jurisdiction of the United States.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: April 19, 2023         By: _____
                                  YVONNE RODRIGUEZ-SCHACK
                                  ASSISTANT UNITED STATES ATTORNEY

Date: 4/19/23                By: _____
                                  EULISES ANIBAL FARIAS MIERES
                                  DEFENDANT

Date: 4/19/23                By: _____
                                  SRILEKHA JAYANTHI
                                  ATTORNEY FOR DEFENDANT

3